IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY C. POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:08cv693-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, Johnny C. Potter ("Potter"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. Potter then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. § 405 (g) and § 1631(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. § 404.1520, §416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?
> (5)  Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  Administrative Proceedings

Potter was 60 years old at the time of the hearing before the ALJ.  (R. 197.)  He completed both high school and college and has a master's degree.  (R. 197, 203.)  Potter's prior work experience includes working as a teacher, assistant principal, and truancy officer. (R. 198.)  Potter alleges that he became disabled on September 1, 2002, due to asthma,

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

allergies, back and leg pain, arthritis, high blood pressure, and depression. (R. 199-200, 202, 206, 209.) Following the hearing, the ALJ found that Potter's asthma and status post prostate cancer are severe impairments and his depression is a non-severe impairment. (R. 20.) Next, the ALJ determined that Potter has the residual functional capacity to perform work at the medium exertional level with lifting of 50 pounds occasionally, and 25 pounds frequently, with sitting and standing for 6 hours in an 8 hour day, and with only occasional exposure to dust, fumes, and gases. (R. 20.) In addition, the ALJ concluded that Potter is capable of returning to his past relevant work as an attendance officer. (R. 24.) Accordingly, the ALJ concluded that Potter is not disabled. (R. 24.)

## IV.  The Plaintiff's Claims

As stated by Potter, he presents the following issues for the court's review:

(1)  Whether the new evidence presented to the Appeals Council on the request for review of the hearing decision warrants remand of Potter's claim back to the ALJ to consider the new evidence?

(2)  Whether the ALJ erred as a matter of law when he found that Potter could return to his past relevant work without discussing both the physical and mental demands of his past relevant work?

(Doc. No. 16, p. 1.)

## V.  Discussion

Potter raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of Potter's specific arguments because the court concludes

that the Commissioner erred as a matter of law, and thus, this case is due to be remanded for further proceedings.  Specifically, this court determines that the Commissioner erred by failing to properly evaluate Potter's complaints of pain and failing to develop the record concerning his back and leg condition when determining that Potter has the residual functional capacity to return to his past work.

Although the ALJ stated that he considered the claimant's complaints of pain when formulating Potter's residual functional capacity to return to his past work as an attendance officer, the ALJ failed to specify the complaints he considered.  During the hearing before the ALJ, Potter testified that he suffers pain as a result of asthma, leg cramps, and a chronic lower back condition.  (R. 200-02, 206-09.)  Potter stated that he always has pain in his back and legs, that the pain feels "like somebody's sticking [him] with a pin," and that on a good day his pain is an 8 or a 9 on a scale of 0 to 10.  (R. 204, 207-08.)  He also stated that "just moving around" causes pain, that his back "goes out," and that his right leg hurts when driving. (R. 201, 209.)

The medical records demonstrate that Potter sought treatment for arthritis, as well as back and leg pain during the relevant time period in this case.  In 2003, Potter contacted the office of Dr. Mark Fischer of Urological Associates with complaints of joint pain.  (R. 126.)  On October 23, 2004, Dr. R. Michael O'Brien, a general practitioner, provided treatment for Potter's blood pressure problems, asthma, arthritis, and leg cramps.  (R. 114.)  Dr. O'Brien

prescribed Lodine[4] to treat Potter's arthritis. (*Id.*) During a visit to Dr. O'Brien's office on November 18, 2004, Potter indicated that his arthritis had improved. (*Id.*) On November 14, 2005, Potter returned to O'Brien, complaining of left calf pain. (R. 112.) Dr. O'Brien prescribed Lodine and stretching exercises. (*Id.*) During follow-up visits to Dr. Fischer's office on March 31, 2006, and May 15, 2007, Potter complained of back pain. (R. 136-37.) Potter continued taking Lodine as needed in August 2007.[5] (R. 163.)

Additional medical records indicate that Potter continued seeking treatment for back pain after expiration of the relevant time period in this case on September 19, 2007.[6] In October 2007, a neurologist conducted testing and ordered a MRI of Potter's spine. (R. 155, 159-161.) On October 8, 2007, the neurologist noted that motor nerve conduction studies indicated "[e]vidence of chronic L4, 5-S1 polyradiculopathy." (R. 159.) On October 11, 2007, an MRI of Potter's spine indicated that Potter suffered from diffuse disc bulging, facet hypertrophy, and mild central stenosis at L3-4 and L4-5.[7] (R. 163.)

---

[4] Lodine is indicated for acute and long-term use in the management of symptoms of osteoarthritis and rheumatoid arthritis, as well as the management of pain. PHYSICIANS' DESK REFERENCE, 53rd ed. (1999) at p. 3323.

[5] The ALJ was not provided the August 27, 2007 medication reconciliation physician order sheet. (R. 163.) The Appeals Council, however, was provided this documentation prior to entering its decision.

[6] In a separate case, Potter submitted a second application alleging an onset date of September 20, 2007. (Doc. No. 16-2, Attach. to Plaintiff's Brief, Social Security Administration Decision, p. 1.) In October 2008, an attorney advisor determined that Potter had been disabled since September 20, 2007 and awarded him benefits. (*Id.*, p. 6.)

[7] The ALJ did not have medical records of the October 2007 neurological studies or MRI before him at the time he made his decision. These medical records, however, were provided to, and considered by, the Appeals Council.

In his analysis, the ALJ did not discuss Potter's complaints of back and leg pain or arthritis when determining that Potter has the residual capacity to perform his past work as an attendance officer. The ALJ merely stated:

> The claimant's pain complaints were considered in formulating his RFC.
>
> The claimant's medically determinable impairments could reasonably be expected to produce some symptoms, but the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(R. 24.)

Where an ALJ decides not to credit a claimant's testimony, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Dept. of Health & Human Servs.,* 941 Fed.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "'the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.'" *Foote*, 67 F.3d at 1562, *quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983) (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court).

In this case, the ALJ failed to discuss Potter's complaints of back and leg pain he considered when determining that Potter has the residual functional capacity to return to his past work as an attendance officer and failed to set forth clearly articulated reasons for

7

discrediting Potter's credibility and pain testimony.  The ALJ's recitation of some of the medical evidence is not a substitute for articulating clear reasons for discrediting the plaintiff.  Simply put, the ALJ's conclusory credibility analysis is deficient as a matter of law.

Moreover, the ALJ failed to consider Potter's arthritis and spinal condition individually or in combination with his other impairments. The ALJ omitted Potter's arthritis and back and leg condition in his listing of severe and non-severe impairments.  The ALJ must consider every impairment alleged by a plaintiff and determine whether the alleged impairments are sufficiently severe – either singularly or in combination – to create a disability.  *See Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986).  Because the ALJ ignored medical evidence indicating that Potter received treatment for arthritis and a back and leg condition, the court finds that the ALJ failed to consider all of Potter's impairments.

The court notes that several additional medical records were provided to the Appeals Council after the ALJ rendered his decision.  The plaintiff argues that this case should be remanded to the Commissioner because the additional evidence is new and material. Because additional evidence was submitted and considered by the Appeals Council after the ALJ's decision, the proper inquiry is whether the Appeals Council's decision to deny benefits is supported by substantial evidence in the record as a whole.  *See Ingram v. Astrue*, 496 F.3d 1252, 1262-64 (11th Cir. 2007).  The majority of the additional records provided to the Appeals Council indicate that Potter's back condition worsened after expiration of the relevant time period and, therefore, are not material in this case.  *See Ingram v. Astrue*, 496 F.3d 1253 (11th Cir. 2007).  Of particular interest, however, is medical documentation

8

indicating that additional testing and an MRI conducted within one month of the expiration of the relevant time period indicated that Potter suffered from at least two bulging discs and "chronic" L4, 5-S1 polyradiculopathy. (R. 159, 163.) Given the neurologist's impression that Potter's spinal condition is chronic, it is arguable that the results of the October 2007 MRI and neurological testing is material to a determination of whether Potter suffered from this condition during the relevant time period in this case. On remand the Commissioner should consider whether a medical expert is in a better position to decide whether Potter suffered from this chronic condition during the relevant time period.

Because the Commissioner failed to articulate specific reasons for discrediting Potter's allegations of back and leg pain and failed to consider his arthritis and back and leg condition singularly or in combination with his other impairments the court is unable to determine whether the Commissioner's determination is based on substantial evidence.

Consequently, this case is due to be reversed and remanded to the Commissioner.

## V. Conclusion

Accordingly, the court concludes that this case be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order shall accompany this opinion.

Done this 5th day of February, 2010.

                                  /s/Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE